UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP MORRIS, JR.,<br><br>    Plaintiff,<br><br>vs.<br><br>R. A. WHITE, et al.,<br><br>    Defendants. | CV 08-2823-DOC (SS)<br><br>**[PROPOSED] ORDER ON STIPULATED PROTECTIVE ORDER**<br><br>[*Stipulated Protective Order Filed Concurrently Herewith*]<br><br>Courtroom: 23- Third Floor<br>Magistrate Judge: The Honorable Suzanne H. Segal<br><br>Hearing: N/A |

**ORDER**

Based on the stipulation of the parties filed concurrently herewith, and for good cause shown, the Court makes the following orders:

1.    In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived from them, as "Confidential" under the terms of this Stipulated Protective Order (Order).  Confidential information is information that has not been made public or that concerns or relates to the processes, operations, investigations, or other information relating to the California Department of Corrections and Rehabilitation, disclosure of which may have the effect of causing harm to the safety and security of the prison, prison staff, inmates, the public, Plaintiff, or

Defendants.  Confidential information is also personal information of the Defendants, including but not limited to home addresses, social security numbers, telephone numbers, email addresses, names or identifying information of family members, the disclosure of which places the safety of Defendants, who are current and former peace officers, and their family members at risk.  Confidential information also includes all personal identifying information of any inmate, current or former California Department of Corrections employee, and any third party entitled to confidential protection of personal identifying information under California and/or applicable federal law.  Defendants reserve the right to redact such personal identifying information from any "Confidential" document.

    By designating a document, thing, material, testimony or other information derived from them as "Confidential," under the terms of this Order, the party making the designation is certifying to the Court that there is a good-faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26.

    2. Confidential documents will be designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on each page of any multipage document will designate all pages of the document as confidential.

    3. The parties may further designate certain discovery material or testimony of a highly confidential as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (Attorney's Eyes Only Material), in the manner described in paragraph two.  Attorney's Eyes Only Material, and the information contained in them, may be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by counsel), and to the "qualified persons" listed in subparagraphs 6(a) through (c) below, but will not be disclosed to a party, unless otherwise agreed or ordered.  If disclosure of Attorney's Eyes Only Material

is made, all other provisions in this Order with respect to confidentiality will also apply.

4. Testimony taken at a deposition, conference, hearing or trial may be designated as Confidential or Attorney's Eyes Only by making a statement to that effect on the record at the deposition or other proceeding. Arrangements will be made with the court reporter taking and transcribing the proceeding to separately bind portions of the transcript containing information designated as Confidential or Attorney's Eyes Only, and to label the separately bound portions appropriately. Defendants, and employees of the California Department of Corrections and Rehabilitation, will not be required to disclose confidential personal information, as described in paragraph one, in response to discovery, including questioning at deposition, or trial, without the protections for "Confidential" or "Attorney's Eyes Only" information required by this Stipulated Protective Order. Contact with Defendants and all other employees or officers of the California Department of Corrections and Rehabilitation will be made through the Office of the Attorney General.

5. Material designated as Confidential or Attorney's Eyes Only under this Order, the information contained in them, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (Confidential Material) or Attorney's Eyes Only (Attorney's Eyes Only Material) may be used only for the purpose of prosecution, defense, or settlement of this action, but for no other purpose.

6. Any Confidential or Attorney's Eyes Only Materials will be disclosed or made available only to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

   a) experts (together with their clerical staff) retained by counsel to assist

in the prosecution, defense, or settlement of this action;

b) court reporter(s) employed in this action;

c) any other person about whom the parties in writing agree.

Prior to receiving any Confidential or Attorney's Eyes Only Material, each "qualified person" will be provided with a copy of this Order and will execute a nondisclosure agreement in the form of Attachment A. A copy of the executed agreement will be provided to counsel for each other party.

7. If there is a dispute about the disclosure of Confidential Material or Attorney's Eyes Only Material to opposing counsel, the material will be submitted to the Court for in camera review if a motion is presented to the Court under FRCP 37(a). Following in camera review, any Confidential or Attorney's Eyes Only Materials deemed relevant and ordered disclosed by the Court will be designated "Confidential" or "Attorney's Eyes Only," by the producing party and disclosed or made available as provided in paragraph 6.

8. Depositions will be taken only in the presence of qualified persons.

9. Nothing in this Stipulated Protective Order will impose any restrictions on the use or disclosure by a party of material obtained by the party independent of discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

10. If Confidential or Attorney's Eyes Only Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers will be labeled "Confidential—Subject to Court Order" and filed under seal, according to the procedure set out in the Local Rules of Court, until further order of this Court.

11. In the event that any Confidential or Attorney's Eyes Only Material is used in any court proceeding in this action, it will not lose its confidential status through such use, and the party using the material will take all reasonable steps to

maintain its confidentiality during such use.

12. This Order will be without prejudice to the right of the parties (i) to bring before the Court at any time a question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order will not prejudice the parties in any way in any future application for modification of this Order.

13. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action. Nothing in this Order, or the production of any information or document under the terms of this Order, or any proceedings under this Order will be deemed as an admission or a waiver by any party, and will not alter the confidentiality or nonconfidentiality or any such document or information or alter any existing obligation of any party or the absence of obligation.

14. This Order will survive the final termination of this action, to the extent that the information contained in Confidential or Attorney's Eyes Material is not or does not become known to the public, and the Court will retain jurisdiction to resolve any dispute concerning the use of information disclosed under this Order. On termination of this case, including and up to the final appeal of judgment, counsel for the parties will assemble and return to each other, within thirty days, all documents, material and deposition transcripts designated as Confidential or Attorney's Eyes Only and all copies of those materials, or will certify that they have been destroyed.

15. Absent written permission by the designating party or Court order, information or items designated as Confidential Material and/or Attorney's Eyes Only Material will not be shown or otherwise disclosed to Plaintiff or any other

inmates or third parties.  The parties agree that any document, thing, material, or testimony of inmate interviews designated as Confidential under this Order will only be discussed with Plaintiff to the extent necessary to question him about the incident and prepare him for trial.  However, in no event shall the identity of an inmate be disclosed to Plaintiff or third parties absent written agreement or a court order authorizing the disclosure.  Plaintiff may not retain copies of any document or material.  Counsel for Plaintiff may have and retain copies of any material designated for protection under this order.

IT IS SO ORDERED.

_____/S/_____
Hon. Suzanne H. Segal
United States Magistrate Judge